UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSE R. ENJAIAN,<br><br>        Plaintiff,<br>    v.<br><br>THE UNIVERSITY OF MICHIGAN DEPARTMENT OF PUBLIC SAFETY, ET AL.,<br><br>        Defendants. | Case No.: C 12-03924 PSG<br><br>**ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>**(Re: Docket No. 20)** |

Defendants The University of Michigan Department of Public Safety, Officer Bernard C. Mundt II ("Mundt"), and Officer Jose A. Dorta ("Dorta") (collectively, "Defendants") move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Alternatively, Defendants move to transfer venue. Plaintiff Jesse R. Enjaian ("Enjaian") opposes the motion. On September 25, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, the court GRANTS Defendants' motion to dismiss but only IN PART and GRANTS Defendants' motion to transfer venue.

## I.     BACKGROUND

Enjaian was a resident law student at the University of Michigan Law School (the "University of Michigan").[1] While Enjaian was enrolled there, another law student named Renee

---

[1] Enjaian now is a visiting student at Santa Clara University School of Law. In his papers, Enjaian stated that he would resume his enrollment at the University of Michigan Law School during the

1

Case No.: C 12-03924 PSG
ORDER

1  Schomp ("Schomp") complained to officers at the University of Michigan Department of Public
2  Safety that Enjaian was stalking and harassing her. Schomp claimed that Enjaian had been sending
3  her text messages and emails that caused her to feel frightened and harassed. Schomp presented
4  other text messages between Enjaian and another University of Michigan law student, Carolyn
5  Cushing ("Cushing"), as evidence that Enjaian was threatening Schomp. Based on this evidence,
6  Mundt and Dorta secured a warrant from a trial court in Washtenaw County, Michigan to search
7  Enjaian's residence at 326 Thompson Street, Apartment 2 in Ann Arbor, Michigan and seize
8  nothing less than "[a]ll computer equipment, information storage devices and cell phones as well as
9  records or documents."[2] Pursuant to this warrant, on December 9, 2011, the officers seized a
10 computer laptop, a cell phone, an external hard drive, three USB surfboard-shaped drives, and an
11 iPod nano. At least some of these items are encrypted. Enjaian refuses to provide any of his
12 passwords to Defendants, and none of the items have been returned. No charges against Enjaian
13 have ever been filed or even recommended.

On July 28, 2012, Enjaian filed suit in this district pursuant to 42 U.S.C. § 1983 seeking the return of his seized property, compensatory and punitive damages, and reasonable attorney's fees.[3] He alleges that the University of Michigan and the two officers have sufficient contacts with California to confer personal jurisdiction. On August 15, 2012, Enjaian moved for a preliminary injunction seeking the return his seized items.[4]

## II.   LEGAL STANDARDS

### A. Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold issue that goes to the power of the court to hear a case. A subject matter jurisdiction challenge pursuant to Fed. R. Civ. P. 12(b)(1) should be decided

---

Winter 2013 semester but would reside in California while participating in an unpaid, public interest externship. At the hearing, however, Enjaian stated that he had no plans to re-enroll in Michigan.

[2] *See* Docket No. 1, Exh. 1.

[3] *See id*.

[4] *See* Docket No. 14.

2

Case No.: C 12-03924 PSG
ORDER

first before other challenges for dismissal because the other challenges will become moot if dismissal is granted.[5] Federal subject matter jurisdiction must exist at the time the action is commenced.[6]

An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment.[7]

**B. Eleventh Amendment**

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[8]

The Eleventh Amendment has been interpreted to shield states and their agencies from suits by individuals absent the state's consent.[9] Congress may abrogate the states' Eleventh Amendment immunity, however, but only when it both unequivocally intends to do so and "acts pursuant to a valid grant of constitutional authority."[10] Congress has not expressed an intent to abrogate state immunity in regard to 42 U.S.C. § 1983.[11]

---

[5] *See Alvares v. Erickson,* 514 F.2d 156, 160 (9th Cir. 1975)

[6] *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988).

[7] *See May Dep't Store v. Graphic Process Co.,* 637 F.2d 1211, 1216 (9th Cir. 1980).

[8] U.S. Const. amend XI.

[9] *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

[10] *See Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed. 2d 866 (2001).

[11] *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the States has waived its immunity, or unless Congress has exercised its undoubted power under §5 of the Fourteenth Amendment to override that immunity. That Congress, in passing §1983 had no intention to disturb the States' Eleventh Amendment immunity and so alter the federal-state balance in that respect was made clear in our decision in *Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).").

**C. Transfer of Venue**

Under 28 U.S.C. §1404(a), a district court may transfer any civil action "to any other district or division where it might have been brought" for the convenience of the parties and witnesses, in the interest of justice.[12] The purpose of the statute is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"[13] Transfer to a more convenient forum requires venue to be proper in the first instance.[14] The Ninth Circuit has identified eight factors that must be considered: (1) the convenience of the parties and witnesses; (2) the location where the alleged events in the lawsuit took place; (3) the relative ease of access to sources of proof; (4) the plaintiff's choice of forum; (5) the pendency of related litigation in the transferee forum; (6) the relative congestion of the two courts; (7) the public interest in the local adjudication of local controversies;  and (8) the relative familiarity of the two courts with the applicable law.[15]

### III. DISCUSSION

Defendants contend that since the University of Michigan Department of Public Safety and the two named officers are agents of the State of Michigan and they have not specifically waived immunity, they can properly claim sovereign immunity.[16] Alternatively, Defendants contend that the case should be transferred to the Eastern District of Michigan for convenience. Defendants note that other than Enjaian, neither witnesses nor evidence are located in California. Many of the witnesses, including Mundt, Dorta, Schomp, Cushing, University of Michigan law students, who

---

[12] *See* 28 U.S.C. §1404(a).

[13] *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal citations omitted).

[14] *See Thornton v. Toyota Motor Sales U.S.A., Inc.,* 397 F.Supp. 476, 477 (D.C. Ga. 1975) (holding that "[s]ince venue is improper in this court, transfer under 28 U.S.C. §1404(a) is foreclosed"); *Nizami v. Woods,* 263 F. Supp. 124, 125 (D.C.N.Y. 1967) ("Section 1404(a) provides a means to accommodate the convenience of the parties by referring suit to an appropriate forum, but it is inapplicable unless venue is properly laid in the court which is asked to make the transfer.") (citations omitted).

[15] *See Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986).

[16] *See Stanley v. Trustees of Cal. State Univ.,* 433 F.3d 1129, 1133 (9th Cir. 2006) (internal citations omitted).

4

Case No.: C 12-03924 PSG
ORDER

1  may have received copies of emails Enjaian sent to Schomp, and other University of Michigan
2  employees are located in the Eastern District of Michigan. In addition, the search warrant was
3  signed by a local magistrate in Michigan, the search occurred there, and Enjaian's seized property
4  remains in custody there. Defendants argue that the inconvenience and additional cost to the parties
5  justifies transferring the case to the Eastern District of Michigan in the interests of justice.

6  Enjaian responds that the Eleventh Amendment does not bar his claims, but that even if it
7  does he should nevertheless be permitted to amend the complaint to add a claim under Michigan's
8  Elliot-Larson Civil Rights Act.[17] Enjaian further disputes that the alleged convenience of the
9  parties and witnesses justifies a transfer of venue. He notes that Schomp is a resident of California,
10 currently doing an externship here, and that Cushing frequently travels to California.
11 Acknowledging that the officers may be inconvenienced by the travel and that the University of
12 Michigan Department of Public Safety continues to have custody of his property in Michigan,
13 Enjaian nevertheless argues that "justice can only be obtained in the Northern District of
14 California."[18]

15  As an initial matter, the court finds that Enjaian's claims are not barred by the Eleventh
16 Amendment in their entirety. Enjaian alleges that the search warrant used to seize his property was
17 constitutionally infirm. Enjaian alleges that the supporting affidavit was facially deficient, the
18 judge's reliance on the affidavit was unreasonable, and the warrant lacked particularity. The parties
19 agree that Enjaian's property remains in the custody of the University of Michigan Department of
20 Public Safety. He seeks both the return of his seized property and money damages. Enjaian's
21 claims thus fall under one of two recognized exceptions recognized by the Supreme Court and the
22 Ninth Circuit that allow him to assert a claim against the University of Michigan for the return of
23 property.[19] Because Enjaian seeks the return of his property, or prospective relief, the Eleventh

---

[17] M.C.L.A. § 37.2101 *et seq.*

[18] *See* Docket No. 22 at 2.

[19] *See Taylor v. Westly,* 402 F.3d 924, 933 (9th Cir. 2005) (holding that suits for return of seized property are not barred if the claim falls into one of two categories: (1) it must be based on the public official having acted beyond his statutory authority (the "ultra vires exception") or (2) the plaintiff's theory must be that the action leading to the government's possession of the property was constitutionally infirm) (citing *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714

Amendment is not a bar, at least to his claims seeking the return of seized property from the University of Michigan.[20] Nor is it a bar to his claims for money damages against Mundt and Dorta in their individual capacities.[21]

Turning to venue, the parties agree that, except for Enjaian, all of the witnesses in the case are located in Michigan. While Enjaian claims that both Schomp and Cushing have current ties to California, he has provided no declarations or other authenticated evidence to substantiate those beliefs. Although Enjaian chose to file suit in this district, he agrees that the search warrant was obtained in, and took place in, Michigan. In addition, the evidence, including the evidence seized from Enjaian, is in Michigan. Enjaian also challenges the affidavit supporting the search warrant, which was approved by a judge in Michigan. Although no related litigation is pending in Michigan, any prosecution that may follow would take place in Michigan. Michigan certainly has a public interest in the adjudication of the case, an interest at least as great as California's. Finally, at the hearing, Enjaian has indicated he plans to amend the complaint to add various state law claims in addition to his proposed claim. All of these claims presumably would arise under Michigan law with which the Michigan court would have greater familiarity. Neither party has suggested that either this court or the Michigan court suffers from greater congestion. In sum, aside from Enjaian's choice of forum, there is little to no connection between this dispute and this district. In light of the necessary expenditure of time and resources by the parties and witnesses if the case were to remain here, the court finds the interests of justice to be well-served by a transfer to the Eastern District of Michigan.[22]

---

(1908), *United States v. Lee,* 106 U.S. 196, 1 S. Ct. 240, 27 L.Ed. 171 (1882), and *Malone v. Bowdoin,* 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962)). *See Turnacliff v. Westly,* No. C 05-05303 SI, 2006 WL 1867721, at *5 (N.D. Cal. July 6, 2006).

[20] *See Taylor v. Westly,* 402 F.3d at 936.

[21] *See, e.g., Han v. United States Dept. of Justice,* 45 F.3d 333, 338 (9th Cir. 1995) ("The Eleventh Amendment does not bar a suit seeking damages against a state official in his individual capacity, but a state official sued individually is entitled to qualified immunity if his conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'").

[22] Because the court has determined that the case should be transferred to the Eastern District of Michigan, Enjaian's motion for preliminary injunction is appropriately resolved in that venue.

6
Case No.: C 12-03924 PSG
ORDER

## IV. CONCLUSION

Enjaian's damages claims against The University of Michigan Department of Public Safety are dismissed. Because any amendment to cure the deficiency would be futile, this dismissal is with prejudice.

The remainder of the case is transferred to the Eastern District of Michigan. The Clerk shall complete this transfer without delay.

**IT IS SO ORDERED.**

Dated: 10/2/2012

                                             _____
                                             PAUL S. GREWAL
                                             United States Magistrate Judge